People *v.* Keefer.

*Thos. H. Williams, Attorney General,* for Respondent, cited 6 Cal. 636 ; 8 Id. 392.

---

# THE PEOPLE *v.* KEEFER.

K. WAS indicted for an assault with intent to murder E. The Court charged the jury that if "a loaded gun was presented within shooting range at W. or E., *or at the dog,* under circumstances not justified by law, and under circumstances showing an abandoned and malignant heart, and the gun was fired off and inflicted a dangerous wound upon E., then the crime of an assault with a deadly weapon with intent to inflict a bodily injury upon E. has been proved ; and it would only remain for them to inquire whether defendant was guilty of the crime." There was evidence tending to show that K. fired a gun in the direction of W. and E., and of a dog near them, there being some dispute as to whether the intent was to kill or wound the dog or these men, or one of them : *Held,* that the charge was wrong ; that this is a statutory offense, and to convict defendant thereof, he must be guilty of the very crime charged, to

People *v.* Keefer.

wit: an assault with a deadly weapon with intent to inflict bodily injury upon *a person,* and not upon *an animal* near such person.

A party may be convicted of murder or of an assault, though no specific intent may have existed to commit the crime of murder or assault upon the person charged—as where a man shoots at one person and kills another. So a man may be guilty of manslaughter, under some circumstances, by his mere carelessness. The general malice and the unlawful act are enough to constitute the offense in these cases. But this rule has no application to a statutory offense, like that of an assault with a deadly weapon with intent to inflict bodily injury upon the person of another.

The battery or wounding is no part of this statutory offense. The offense is complete by the assault, the weapon and the intent.

APPEAL from the Sixth District.

The facts are sufficiently stated in the opinion. Defendant appeals.

*Humphrey Griffith* and *N. Greene Curtis,* for Appellant.

*Thos. H. Williams, Attorney General,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The defendant was indicted for an assault with intent to murder one John R. Evans, and convicted of the crime of an assault with a deadly weapon, with intent to do great bodily harm. The Court instructed the jury that if a loaded gun was presented within shooting range at Wilson or Evans, *or at the dog,* under circumstances not justified by the law, and under circumstances showing an abandoned and malignant heart, and that the gun was fired off, and inflicted a dangerous wound upon the witness Evans, then the crime of an assault with a deadly weapon, with intent to inflict a bodily injury upon the witness Evans, has been proved; and it would only remain for them to inquire whether or not the defendant was guilty of the crime. The pertinency of this charge, as we gather from the case, was shown by proofs which conduced to prove that Keefer fired a gun in the direction of Wilson and Evans and of a dog near them, there being some dispute as to whether the intent was to kill or wound the dog or these men, or one of them. It is true that a person may be convicted of murder or of an assault, though no

specific intent may have existed to commit the crime of murder or assault upon the person charged. The familiar illustration is that of a man shooting at one person and killing another. In these cases, the general malice and the unlawful act are enough to constitute the offense. No doubt exists that a man may be guilty of manslaughter under some circumstances by his mere carelessness. But this rule has no application to a statutory offense like that of which the defendant was convicted. This is an assault with a deadly weapon, with intent to do great bodily harm to another person. The offense is not constituted in any part by the battery or wounding, but is complete by the assault, the weapon and the intent—as, if A snaps a loaded pistol at B, within striking distance, the offense would be no more under this clause of the statute if the shot took effect. It could scarcely be contended, if a man shot at another's dog or chicken, when such shooting would be a trespass and wholly illegal, that the trespasser was guilty of this crime of assault upon a man with intent, etc., merely from the fact that the owner of the animal was near by and within range of the shot, or the shot went through his hat or clothes; and yet the reason of holding thus in that case is as great as in this. So, if a man carelessly handling bricks on the roof of a house should throw them into the street below, though he might be liable, civilly and criminally, for injury done to persons thereby, he could not be guilty of the statutory offense of assault with intent to kill. The words of the statute, " with intent to do great bodily harm to a person," (Wood's Dig. 335) are not merely formal, but they are substantial—they constitute the very gravamen of the offense; and the statute, like all other penal laws, must be strictly construed. It is nothing in this view that the defendant is guilty of *some* crime; he must be guilty of the very crime charged, which cannot be unless the elements of the crime, as defined by the Legislature, appear. This is the universal rule applicable to criminal proceedings; and it is as plainly supported by common sense as by technical law. We cannot make the proposition plainer by illustration. If the defendant is convicted under this charge of the Court, it would seem that he might be convicted of an assault upon a dog with a deadly weapon, with intent to do a great bodily injury to a man; or of the offense of

assaulting a man with a deadly weapon, with intent to do that man great bodily harm, when he had no such intention.

We know nothing of the facts of the case, and intimate no opinion as to the merits of the controversy.

Judgment reversed, and cause remanded for a new trial.