## THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* WILLIAM L. ROBINSON, APPELLANT.

CRIMINAL LAW.—ASSAULT WITH INTENT TO MURDER.—PROOF OF INTENT.—Where the indictment charged that defendant assaulted H. with a pistol and shot at H. with intent to kill him, and the evidence showed that defendant shot at J. intending to kill J., but accidentally hit H. because he missed J., a conviction for assault with intent to kill cannot be sustained.

ID.—ID.—INSTRUCTION.—In a prosecution for assault to kill, the Court charged the jury that if they believed from the evidence beyond a reasonable doubt that defendant shot with a loaded pistol at J. with intent to kill J., but missed him and shot and wounded H., then they should find defendant guilty of shooting at H. to kill him. *Held*, that such instruction was erroneous.

ID.—PRACTICE.—WITNESS NAMED ON INDICTMENT.—Under the practice in criminal cases in Utah Territory it is not necessary for the prosecution to call all the witnesses named on the indictment.

ID.—ASSAULT TO MURDER.—INSTRUCTION AS TO LESSER OFFENCE.— Where the Court did not instruct the jury in a prosecution for an assault to kill, that defendant might be found guilty of an assault with intent to do bodily harm, the instruction not having been asked, it is not reversible error.

APPEAL from an order denying a new trial and from a judgment of conviction of the district court of the third district. The facts are stated in the opinion of the Court, except the following:

The indictment was as follows: The said William L. Robinson on the twenty-sixth day of April, A. D. 1887, at the county of Salt Lake, in the Territory of Utah and within the jurisdiction of this court, with a certain pistol loaded with gunpowder and leaden bullets, which the said William L. Robinson then and there had and held, the same being a deadly weapon, in and upon one James Hair, then and there being, wilfully, feloniously and of his malice aforethought did make an assault, and the said William L. Robinson did then and therefore wilfully,

feloniously and of his malice aforethought, discharge and shoot off one of the bullets, with which said pistol was loaded as aforesaid, at and against the person of him, the said James Hair, with the intent him, the said James Hair, then and there wilfully, feloniously and of his malice aforethought to kill and murder.

Section 4471, Compiled Laws of Utah, 1888, volume 2, is: Every person who assaults another with intent to commit murder, is punishable, etc.

Section 4488, Compiled Laws of Utah, 1888, volume 2, is: Every person who with intent to do bodily harm, and without just cause and excuse, or when no considerable provocation appears, or when the circumstances show an abandoned or malignant heart, commits an assault upon the person of another, with a deadly weapon, instrument or other thing, is punishable, etc.

*Mr. Arthur Brown*, for the appellant.

Cited *Barcus* v. *State*, 49 Miss., 17; *Com.* v. *Morgan*, 11 Bush. Ky., 601; *People* v. *Keefer*, 18 Cal., 638; *Rex* v. *Holt*, 7 Car. & P., 518; 3 Greenleaf, 17; *State* v. *Meadows*, 18 W. Va., 658; 13 U. S. Dig. N. S., p. 49, b. 6; 1 Greenleaf, 696; *Roberts* v. *People*, 19 Mich., 415; Criminal Practice Act, secs. 150, 151; Roscoe Criminal Ev., 583.

*Mr. Ogden Hiles*, Assistant United States District Attorney, for the respondent.

BOREMAN, J.:

The defendant was indicted for assault with intent to murder, committed by assaulting one James Hair with a pistol, and discharging and shooting off one of the bullets with which said pistol was loaded "at and against the person of him, the said James Hair, with the intent him, the said James Hair, then and there wilfully, feloniously and of his malice aforethought to kill and murder." The Court in the charge to the jury said: "And if you believe from the evidence in this case beyond a reasonable doubt that the defendant, at the time and place mentioned

in the indictment, wilfully, and with malice aforethought, shot out of a loaded pistol at Johnson, with intent to kill him, but missed him and shot and wounded James Hair, then you should find the defendant guilty." The facts show that the intent of the defendant was to shoot Johnson. The defendant was only about three feet from Johnson, and aimed the pistol directly at him, but Johnson knocked it to one side, and the bullet, instead of hitting Johnson, struck Hair. There was substantially no conflict of testimony on this point. The defendant was charged with having committed a statutory offense, of which intent was made a necessary ingredient. The act and the intent were combined to constitute the offense, and one was as necessary to be proved as the other. The intent was not a legal presumption, but an actual fact, and one to be found by the jury. The general rule is that a man is presumed to intend that which is the natural and probable consequence of his act. But that is a presumption which the law raises—a legal presumption. In the present case the intent is not a legal presumption, but a fact to be proved—an actual intent existing in the mind of the accused at the time the act was done. It must be proven by circumstances. No one could look into the mind of the accused and see the intent, but the evidence must show it existed. If the testimony had closed where the fact of shooting and hitting of Hair by the bullet had been introduced, the legal presumption might have been applicable in determining with what intent the shooting was done. But it was necessary for the jury to find as a fact whether the intent in the mind of the accused existed as charged, and in doing this the jury cannot be controlled by any legal presumption, when the evidence shows the very contrary—that the fact charged did not exist. They must be controlled by the evidence. In the case at bar the testimony did not stop with the simple proof of the shooting and the hitting of Hair, but it went further, and disclosed the fact that, although Hair was struck by the bullet, it was not the intent of the defendant to shoot or kill Hair. The striking of Hair was accidental. Thus the intent as proven did not correspond with the legal pre-

sumption, but was contrary to it. The legal presumption cannot override the actual fact as proven to exist, and the rule as to legal presumption is not applicable. The defendant may have been guilty of some offense, but it was not that charged against him in the indictment. The instruction of the Court, therefore, that if the jury believed that the defendant shot at Johnson with intent to kill Johnson, but missed him, and hit Hair, they should find the defendant guilty, was clearly erroneous. The indictment had charged the defendant with shooting at Hair with intent to kill Hair, and the facts must be proven as laid. The jury was evidently misled by the instruction, for upon the facts proven, if the jury had been instructed to simply follow the charge as laid in the indictment, and the Court had left the matter there, they could not possibly have found the defendant guilty. It is true that in one part of the charge the Court told the jury that they could not find the defendant guilty unless they believed he was guilty as charged in the indictment; but the Court did not leave the matter there, but gave them the further instruction, which we have quoted, and which is contradictory to this one, and irreconcilable with it. The good instruction is neutralized by the erroneous one. The instruction which we have quoted, therefore, cannot be upheld. *Barcus* v. *State*, 49 Miss., 17; *Com.* v. *Morgan*, 11 Bush, 601; *People* v. *Keefer*, 18 Cal., 638; *Roberts* v. *People*, 19 Mich., 415.

The name of one Goodrich was indorsed upon the indictment, but he was not called as a witness. Under the practice of this Territory we know of no law requiring the prosecution to call the witnesses whose names are endorsed upon the indictment. The names of the witnesses upon whose testimony the grand jury found the indictment are required to be placed upon the indictment. This provision was evidently intended to require the grand jury to show that they acted upon evidence and good faith. The law no doubt contemplates and requires that the whole transaction—the whole of the material facts thereof—shall be presented to the trial jury, and presented fairly. To do this it is frequently true that the testimony of a wit-

ness other than the one whose name is on the indictment can be obtained, whereby the case can be more fully and fairly presented, and the testimony of the witness whose name is on the indictment may thus have become comparatively unimportant, or merely cumulative. If the evidence should disclose that the transaction was but partly and imperfectly given to the jury, and that other witnesses whose names may or may not be upon the indictment were attainable, and that their testimony would probably supply the facts necessary to a complete detail of the transaction, it would be the duty of the prosecution to call them and introduce this testimony. But nothing of that kind appears in the case before us. The whole transaction appears to have been given fairly and fully to the jury, and there was no error in refusing to require the prosecution to call the witness Goodrich.

It is objected that the Court did not instruct the jury that they could convict of assault with intent to do bodily harm, although that was included in the charge set forth in the indictment. We do not think that it is always necessary that the Court instruct the jury as to all lesser offenses, although they may be embraced within the charge set forth in the indictment, and of which the defendant might be convicted. If it were so, then in every murder case the Court would have to tell the jury that they could convict of simple assault. The law does not require this, but when there are degrees of the offense charged it is the duty of the Court to so instruct the jury. Beyond this the statute does not go, except to say that "the Court must state to them all matter of law necessary for their information." Crim. Prac. Act, 1878, p. 284; 2 Comp. Laws, 88. The giving of said instruction, therefore, measurably depends upon whether the case be one where it would seem to be necessary for the information of the jury. The Court's attention was not called specially to the offense of assault with intent to do bodily injury. Had it been, the instruction would probably have been given. But the failure to give it, under the circumstances, could not be sufficient ground to reverse the judgment or for granting a new trial. Upon the first ground, however,

specified above, namely, that a party cannot be convicted of assault with intent to kill one person when the indictment charged the intent to have been to kill a different person, we think that the judgment and order should be reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

SANDFORD, C. J., and HENDERSON, J., concurred.