[No. 20521.   In Bank.—July 31, 1889.]

## THE PEOPLE, RESPONDENT, *v.* FRED. MIZE ET AL, APPELLANTS.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—INSTRUCTIONS.— While intention to take life is not essential to constitute murder, yet to constitute an attempt to murder, the wrong-doer must specifically intend to take life; and it is error to instruct the jury that one accused of an assault with intent to commit murder may be convicted if he would have been guilty of murder if the prosecuting witness had been killed.   Nor is the error of such instruction cured by other instructions that the jury must be satisfied beyond a reasonable doubt of the intention to murder.

Any instruction ignoring the essential ingredient of a specific intent to kill, given upon a trial for an assault with intent to commit murder, is prejudicial error.

ID. — PRESUMPTION OF INTENT TO KILL. — INSTRUCTION — PROVINCE OF JURY — QUESTION OF FACT. — It is error to instruct the jury upon the trial of one accused of an assault with intent to commit murder that the law presumes an intent to kill from the fact of shooting. Where an act becomes criminal only when performed with a particular intent, such intent must be alleged and proved. The intent in such case is a question of fact for the jury to determine from all the circumstances; and it is error to withdraw the consideration of it from the jury. The instruction complained of is erroneous because disregarding the question whether the defendants acted in good faith and to defend themselves against real or apparent danger.

ID. — SHIFTING OF BURDEN OF PROOF — JUSTIFICATION OF ASSAULT TO MURDER. — The rule that the burden of proving justification, excuse, or circumstances of mitigation shifts to the defendant when a killing is proved, is confined to trials for murder, and has no application to a trial for the offense of assault with intent to commit murder.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*R. W. Swain*, and *J. A. Barham*, for Appellants.

*Attorney-General Johnson*, for Respondent.

PATERSON, J. — The court instructed the jury, among other things, as follows: "Gentlemen of the jury, these defendants are charged before you by this information with making an assault upon Henry Coffey, with intent to murder the said Coffey. They cannot be convicted of an assault to commit murder unless the evidence shows, beyond a reasonable doubt, that had the prosecuting witness, Henry Coffey, been killed, defendants would have been guilty of murder. If the testimony shows that had Henry Coffey been killed, one of the defendants would have been guilty of murder, then that one should be convicted. If there was an unlawful assault on Henry Coffey, and no intention to commit murder, the defendant making such assault may be convicted of a simple assault."

We think that this instruction was erroneous. "To constitute murder, the guilty person need not intend to take life; but to constitute an attempt to murder, he must so intend." (1 Bishop's Crim. Law, sec. 730.) "The wrong-doer must specifically contemplate taking life; and though his act is such as, were it successful, would be murder, if in truth he does not mean to kill, he does not become guilty of an attempt to commit murder." (2 Bishop's Crim. Law, sec. 741.)

It is claimed by the attorney-general that, inasmuch as the court, in subsequent instructions, carefully instructed the jury that to constitute the offense charged in the information it was necessary to prove the intent to kill beyond a reasonable doubt, and that it was incumbent upon the prosecution to prove such intent, the jury could not have been misled by the instruction which we have quoted above. In *State* v. *Evans*, 39 La. Ann. 912, which was a case of assault with intent to murder, the court charged the jury as follows: "Where the evidence shows that it would have been murder if death had ensued, that in itself will be sufficient ground for the jury to infer the existence of the intention to murder." In another part of its charge, the court, at the request of the defendant, instructed the jury that "the jury must be satisfied that the prisoner had a positive intention to commit murder." It was claimed on appeal that the subsequent charge cured the vice of the first charge quoted, but the court well said: "The addition of these words to the original given did not, as contended, cure the defect or vice therein. Its force was left untouched. Its meaning was unchanged and unimpaired. Together they would in effect amount to this: 'The jury must be satisfied that the prisoner had a positive intention to commit murder; but if the evidence shows that it would have been murder if death had ensued, that in itself will be sufficient ground for the jury to infer the existence of the intention to murder.'"

The following instruction, we think, also, was erroneous: "If the jury believe, from the evidence, beyond a reasonable doubt, that both or either of the defendants unlawfully pointed a loaded pistol at said Henry Coffey, and discharged the same, either with deliberation and premeditation, or with a reckless disregard of human life, and that the use of said weapon, as used by the defendant or defendants, if so used, was likely to kill the said Henry Coffey, then the said defendant so using said pistol is guilty of an assault with intent to commit murder."

Here, again, the element of a specific intent to kill is ignored. In a prosecution under section 217 of the Penal Code for an assault with an intent to commit murder, a positive intent to murder must be proved by the prosecution. It is a statutory offense, and the intent is the essential ingredient. It differs in this respect from the statutory offense of an assault upon the person of another with a deadly weapon, or other means likely to produce great bodily injury, in which no intent is necessary to be proved. (*People* v. *Keefer*, 18 Cal. 636; *People* v. *Turner*, 65 Cal. 540.)

The court gave the following instruction: "The jury are instructed that the natural and probable consequences of every act deliberately done by a person of sound mind are presumed to have been intended by the author of said act. And if the jury believe, from the evidence, beyond a reasonable doubt, that the defendants, or either of them, did shoot at said Henry Coffey as charged in the information, and that the natural and ordinary consequences of such shooting would be the death of said Henry Coffey, then the presumption of law is, that the defendant so shooting did shoot at said Henry Coffey with intent to kill him."

It is doubtless true that, as a general rule, a man is presumed to have intended that which he has done, or that which is the immediate and natural consequence of

his act, but where an act becomes criminal only when it has been performed with a particular intent, that intent must be alleged and proved. It is for the jury, under all the circumstances of the case, to say whether the intent required by the statute to constitute the offense existed in the mind of the defendant. This charge withdrew from the jury the consideration of the question whether the defendants intended to kill Coffey. The defendants claimed that they were acting in self-defense, and upon real or apparent danger. One of the defendants was at his own home, and there was evidence tending to show that a few days before the shooting the prosecuting witness, Henry Coffey, had threatened to take his life, and on the night preceding the affray had assaulted and beaten said defendant at his own home. To tell the jury, therefore, that if they believed the defendants had shot at Coffey, and that the natural and ordinary consequences of the shooting would be the death of Coffey, the law would presume them guilty of an intent to kill him, was erroneous, because it entirely disregards the question whether the defendants acted in good faith, and to defend themselves against real or apparent danger. In homicide cases, where the killing is proved, it rests on the defendant to show justification, excuse, or circumstances of mitigation, subject to the qualification that the benefit of the doubt is to be given to the prisoner; but this is because the statute expressly shifts the burden of proving circumstances of mitigation upon the defendant in homicide cases. The rule is confined to murder trials. (Pen. Code, sec. 1105; *People* v. *Cheong Foon Ark*, 61 Cal. 527.)

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., WORKS, J., and McFARLAND, J., concurred.

THORNTON, J., concurring.—I concur in the judgment, on the ground of error in the two instructions last men-

tioned in the foregoing opinion. By those instructions the court invaded the province of the jury as to the weight and effect of evidence.

I perceive no error in the first instruction. As I understand the instruction, which must be taken as an entirety, and its several clauses harmonized, as can be done without straining the meaning of the words used, it is a direction to the jury that they cannot convict either defendant unless Henry Coffey had been killed under such circumstances that his killing would have been murder; but if there was no intent when the assault was made to commit murder, then the defendant could only have been convicted of a simple assault, or in other words, if the assault had been made without intent to commit murder, that even though a killing had resulted, the defendant could only have been convicted of simple assault.

The reasoning of the foregoing opinion is in accordance with these propositions. The case cited in the foregoing opinion from Louisiana should not, I think, meet the approbation of this court as long as the rule laid down in *People* v. *Doyell*, 48 Cal. 85, and the cases which follow it, regarding the construction of directions, remain as the rule of this forum.