UNITED STATES of America, Plaintiff-Appellee,

v.

Lloyd JONES, Defendant-Appellant.

No. 81–1138.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1981.

Decided July 13, 1982.

---

J. Brendan O'Neill, Santa Monica, Cal., for defendant-appellant.

Robert A. Pallemon, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN, KENNEDY, and REINHARDT, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant Lloyd Jones was convicted of assault with intent to commit murder in violation of 18 U.S.C. § 113(a) (1976). Jones attacked the victim in a prison cell where both were in custody and stabbed the victim about five times. Jones' defense was that he did not intend to kill the victim, but merely desired to "teach him a lesson."

The trial court informed the jury that a requisite element for conviction of the offense is the "intent to commit murder." This instruction simply repeated the statutory language, but it became misleading when coupled with other instructions defining the separate offense of murder, outside the context of an assault with intent to murder. The trial court instructed that murder was an unlawful killing of a human being with malice aforethought and defined malice aforethought as either an intent to take the life of another or an intent to act willfully in callous and wanton disregard of the consequences to human life. While this definition would have been correct as part of an intent instruction if the charge had been murder, the intent to act in wanton disregard of the consequences to human life is less than the specific intent to kill necessary for a conviction of assault with intent to commit murder. *People v. Johnson*, 30 Cal.3d 444, 637 P.2d 676, 179 Cal.Rptr. 209 (1981); *People v. Murtishaw*, 29 Cal.3d 733, 631 P.2d 446, 175 Cal.Rptr. 738 (1981); *People v. Martinez*, 105 Cal. App.3d 938, 165 Cal.Rptr. 11 (1980); R. Perkins, Criminal Law 573–74, 578 (2d ed. 1969). Where a federal criminal statute uses a common-law term of established meaning, common-law precedent generally controls. *United States v. Turley*, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957).

Assault with intent to commit murder under 18 U.S.C. § 113(a) thus requires a specific intent to kill the victim, and in the special case of this offense, acting with malice by committing a reckless and wanton act without also intending to kill the victim is not sufficient for conviction.[1]

---

1. Judge Goodwin in his dissenting opinion expresses concern over "the common law understanding that murderous intent in a nonfatal assault may be proven either by evidence of verbal expressions or by evidence of conduct from which intent is so obvious as to require no verbal expression." Our opinion should not be read as affecting such a common-law under-

The number and location of wounds inflicted upon the victim make Jones' defense that he did not intend to kill all but incredible, but we cannot say the record is entirely without evidence to support the defense. The jury may have believed Jones' story and found a specific intent to kill absent, but nevertheless found him guilty because they determined that his attack amounted to wanton conduct. In this light, we cannot say that the error in the instruction was harmless, and we are required, therefore, to reverse the conviction under 18 U.S.C. § 113(a) (1976).

REVERSED and REMANDED.

GOODWIN, Circuit Judge, dissenting.

While the trial judge could well have omitted the redundant instruction defining the crime of murder, I do not believe that the instructions given in this case, when read together, were so erroneous as to require another trial.

It is true that the California state courts have moved away from the common law understanding that murderous intent in a nonfatal .assault can be proven either by evidence of verbal expressions or by evidence of conduct from which intent is so obvious as to require no verbal expression. I agree, however, as an abstract proposition, that the judge in this case should not have defined "malice" in the words that he used. They were neither necessary nor helpful.

Until today, this circuit has not had occasion to adopt the California view that only an expression of intent will permit a jury to find that there was a murderous intent when the victim did not die.

This does not strike me as a case in which we should reach out for a reversal in order to make the federal courts of this circuit adopt California's approved jury instructions.

The trial court specifically and repeatedly told the jury that to convict, it must find that Jones assaulted Wingard with intent to

murder. These instructions properly placed the burden on the government to prove murderous intent beyond a reasonable doubt. The government did not have a witness who heard Jones say to Wingard "I intend to kill you." All the government could produce was the guard who pulled Jones off of Wingard while Jones was stabbing Wingard as fast as he could with a prison-made knife. Jones had completed five thrusts when he was pulled away. One would think that a jury reasonably could find from that evidence that Jones intended to murder Wingard.

On the whole record in this case, I would find the error, if any, in the instruction complained of to be harmless beyond a reasonable doubt, and affirm the conviction.

---

standing in any manner. We simply hold the jury must find from the available evidence that the defendant intended to kill the victim. This holding is compelled by the common law and cannot be categorized as a departure from it. *See, e.g., People v. Mize,* 80 Cal. 41, 22 P. 80 (1889); *Pruitt v. State,* 20 Tex.App. 129 (1886).