[Crim. No. 13247. Third Dist. Dec. 6, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
HERB HARRIS KOONTZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*See footnote 1, *post*.

**COUNSEL**

Catherine Aragon for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Garrett Beaumont, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**REGAN, J.—**

### Introduction

In this case, we confront the question of whether assault with intent to commit murder (former Pen. Code, § 217) constitutes attempted murder when enhancing a sentence for a prior conviction of a "serious felony" under the provisions of Penal Code sections 667 and 1192.7, subdivision (c). We conclude that it does.[1]

Defendant appeals from the judgment of conviction after a jury found him guilty of two counts of robbery (§ 211) and of using a firearm in the commission of the robberies (§ 12022.5). The trial court also found four prior conviction allegations to be true, including the prior conviction of assault with intent to commit murder at issue herein. Defendant contends: (1) pretrial photo identification was impermissibly suggestive; (2) there was prejudicial prosecutorial misconduct; (3) the evidence was insufficient to support a conviction of one of the two robberies; and (4) the five-year sentence enhancement for defendant's prior conviction of assault with intent to commit murder was improper. We disagree with defendant's contentions and affirm the judgment.

### Facts

Defendant entered the bar at Club 47 in Sacramento at 2 a.m. on February 13, 1983, as the bartender, Alvan Schindler, was closing up. Defendant put a gun in Schindler's face and demanded money. Schindler testified defendant spoke with a rapid, slurred accent which sounded Hispanic. Schindler gave defendant about $200 from the register and, after unlocking the back door, let defendant out as defendant had demanded. Schindler stated he looked directly at defendant's face for four to five minutes and was confident he could identify him if he were to see him again.

About 3:30 a.m. on February 19, 1983, defendant entered Howard Johnson's Motor Lodge in Sacramento and demanded money from the night auditor, Richard Boyette. Boyette gave defendant all the available bills, but defendant stated it was insufficient. Again, defendant was noted as speaking with a loud accent which sounded Hispanic.

---

[1]Pursuant to rule 976.1 of the California Rules of Court, the Reporter of Decisions shall publish only the following portions of this opinion: the Introduction, Facts, Part I of the Discussion, and the Disposition.

All further statutory references are to the California Penal Code unless otherwise stated.

Boyette turned to another employee, April Anaya, to ask her what to do. Anaya explained to defendant that guests were using credit cards, and there was no more money to give him. He left through the front doors. Anaya and Boyette both observed defendant's face throughout the robbery.

On February 22, 1983, Schindler immediately picked defendant's photo from a five-photograph lineup. He was told by detectives the lineup may or may not contain a photograph of the suspect, but he immediately identified the second photograph, depicting defendant, before completing the photographic lineup.

On February 23, 1983, Anaya also immediately picked defendant's photograph out of a five-photograph lineup. She, too, was told the suspect's photograph may or may not be in the group of photographs, and that she was under no obligation to select a photograph.

On March 14, 1983, Boyette also immediately picked defendant's photograph as the robber before completing a five-photograph lineup. He was informed that the suspect may or may not be in the lineup and that he was under no obligation to select a photograph.

Prosecution witness Harold Newman testified that defendant normally had brown hair, and that defendant's hair was much grayer at the time of trial. Newman, defendant's apartment manager, noted defendant normally talked with a slurred Hispanic-sounding accent.

The two robbery informations were consolidated for trial. In a bifurcated trial on the four prior conviction allegations, the trial court found the allegations to be true. Defendant was sentenced to state prison for 16 years, 5 of which derived from an enhancement for his prior prison term in 1967 for assault with intent to commit murder.

DISCUSSION

I

We first examine defendant's claim that the trial court improperly added to his sentence a five-year term in state prison as an enhancement for a prior conviction of a "serious felony" under sections 667 and 1192.7,

subdivision (c).[2] The trial court found defendant had been convicted in 1967 of assault with intent to commit murder, a violation of former section 217. The trial court then found that attempted murder, one of the enumerated "serious felonies" in section 1192.7, subdivision (c), is a lesser included offense of former section 217, and thus, the prior conviction of former section 217 qualified as a serious felony for enhancement purposes.

We are thus faced with a question of first impression in this case: whether the former crime of assault with intent to commit murder includes as a lesser offense attempted murder for the purposes of treating the former crime as a "serious felony" under sections 667 and 1192.7, subdivision (c)(9). We conclude that the former crime of assault with intent to commit murder in fact constitutes attempted murder for the purposes of sentencing enhancements under the applicable sections.

First, we analyze the trial court's conclusion that attempted murder is a lesser included offense of assault with intent to commit murder. ■ Where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. (*People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512]; *People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].) A strict test has been developed based on the elements of the crime: a crime is an included offense if all of its elements are also elements of the other crime, so that substantially the same facts would be required to prove the commission of either. A crime is not an included offense if any of its elements is not an element of the other crime, so that one requires proof of some fact in addition to the facts required to establish the other. (1 Witkin, Cal. Crimes (1963) § 209, at p. 200; see *People* v. *Thomas* (1943) 59 Cal.App.2d 585, 587 [139 P.2d 359].)

■ Attempted murder is a crime which requires: (1) the specific intent to commit murder, and (2) a direct but ineffectual act done toward its commission. (*People* v. *Mize* (1889) 80 Cal. 41, 43-44 [22 P. 80]; *People* v. *Martinez* (1980) 105 Cal.App.3d 938, 942 [165 Cal.Rptr. 11]; Pen. Code,

[2]Section 667 provides in subdivision (a): "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

Subdivision (d) of the same section provides: "As used in this section 'serious felony' means a serious felony listed in subdivision (c) of section 1192.7."

Section 1192.7, subdivision (c), provides in part: "As used in this section 'serious felony' means any of the following: . . . [¶] . . . any felony in which the defendant uses a firearm; (9) Attempted murder; . . . [¶] . . . (19) Robbery; . . . ."

§ 664 ("Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, . . .").) Assault with intent to commit murder is an "aggravated" assault, requiring in addition to the assault a specific intent to commit murder. (*Martinez, supra,* at pp. 944-945.)

Applying the elements of these crimes to the principles of included offenses, it is apparent that assault with the intent to commit murder cannot be committed without necessarily committing attempted murder, as all the elements of attempted murder are also elements of assault with intent to commit murder. The California Supreme Court has instructed us that " '[a]n "assault" with intent to commit a crime necessarily embraces an "attempt" to commit said crime but said "attempt" does not necessarily include an "assault".' [Citation.]" (*People* v. *Rupp* (1953) 41 Cal.2d 371, 382 [260 P.2d 1].)

■■■ It is clear an attempted murder may not involve an assault in certain circumstances. But it is equally clear an assault with intent to commit murder *is* attempted murder. Our conclusion is reinforced by those decisions concluding "[a]ssault with intent to commit murder is one form of attempted murder." (*People* v. *Heffington* (1973) 32 Cal.App.3d 1, 11 [107 Cal.Rptr. 859]; *People* v. *Johnson* (1978) 81 Cal.App.3d 380, 389 [146 Cal.Rptr. 476]; *People* v. *Montano* (1979) 96 Cal.App.3d 221, 231-232 [158 Cal.Rptr. 47]; see *People* v. *Murtishaw* (1981) 29 Cal.3d 733, 762-765, fn. 24 [175 Cal.Rptr. 738, 631 P.2d 446].)

Our analysis is confounded by the question of the degree of crime. In *People* v. *Collie* (1981) 30 Cal.3d 43, 62-63 [177 Cal.Rptr. 458, 634 P.2d 534, 23 A.L.R.4th 776], the Supreme Court held additional elements are needed to prove attempted murder in the first degree—premeditation and deliberation. (*Collie, supra,* at pp. 62-63; cited with approval in *People* v. *Cardenas* (1982) 31 Cal.3d 897, 913 [184 Cal.Rptr. 165, 647 P.2d 569].) Thus, it is improper to say attempted murder *in the first degree* can be a necessarily included offense of assault with intent to commit murder. Nonetheless, we are convinced that it is legally and logically correct to say that assault with intent to commit murder constitutes attempted murder, although not necessarily attempted murder in the first degree.

The history of those cases dealing with this question display a typical effort on the part of defendants convicted of attempted murder to assert the reverse corrollary—that assault with intent to commit murder is a necessarily included offense of attempted murder. The notion has been rejected. (*People* v. *Johnson, supra,* 81 Cal.App.3d 380 at p. 389; see *People* v. *Gray* (1979) 91 Cal.App.3d 545, 557 [154 Cal.Rptr. 555].)

Because former section 217 carried a lower punishment than attempted murder (two, four or six years imprisonment for the assault; five, seven or nine years for attempted murder), defendants have urged the application of the lesser penalties under section 217. In *People* v. *Montano, supra,* 96 Cal.App.3d 221 and companion cases, resentencing was ordered to the lower penalty. The legislative response to *Montano* and the companion cases was to repeal section 217, assuring that all attempted murders would be punished under the general attempt statute, section 664, whether or not they involved assaults. (*People* v. *Murtishaw, supra,* 29 Cal.3d at pp. 762-763, fn. 24.)

Based on the foregoing, we conclude the trial court was correct in finding defendant's prior conviction for assault with intent to commit murder included attempted murder as a lesser included offense, aside from any question of degree. We prefer to state defendant's conviction of assault with intent to commit murder in fact *constituted* attempted murder. Thus, we have no difficulty in applying the prior conviction to sections 667 and 1192.7, subdivision (c)(9). If the prior conviction in fact constitutes attempted murder, it expressly qualifies as an enumerated crime subject to a five-year sentencing enhancement. We are not concerned with the question of the degree of attempted murder. There is but one instance where attempted murder is not a lesser included offense of the aggravated assault, namely attempted murder of the first degree. Section 1192.7, subdivision (c)(9), states simply "Attempted murder."

Defendant contends the trial court was restricted to only those specific offenses listed in section 1192.7, subdivision (c), citing *People* v. *Lee* (1984) 150 Cal.App.3d 455 [197 Cal.Rptr. 766] and the reasoning in *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]. In these cases, the courts found enhancement permissible only for specific enumerated offenses. Defendant also complains the court made no specific findings that attempted murder was a necessary element of the crime of assault with the intent to commit murder.[3]

There is no need to find that attempted murder is an *element* of the aggravated assault. As discussed herein, defendant's conviction of the aggravated assault constituted attempted murder. Defendant necessarily committed attempted murder in his assault with intent to commit murder.

---

[3]Defendant's opening brief states: ". . . The serious felony definition of section 1192.7(c)(9)(23) is so overly broad as to be meaningless." The assertion makes no sense. Subdivision (c)(9) refers to "Attempted murder." Subdivision (c)(23) is "Any felony in which the defendant personally used a dangerous or deadly weapon." The trial court did not rely on the latter, so discussion of defendant's point is unwarranted. "Attempted murder" is not, in our view, so overly broad as to be meaningless. It has been defined narrowly and clearly since the 1872 codification.

The absence of the crime "assault with intent to commit murder" from the list of serious felonies in section 1192.7, subdivision (c), is not, in our view, significant. When the Legislature repealed former section 217, it did so in recognition that judicial decisions were pointing out that aggravated assault crime was but one form of attempted murder. (*People* v. *Murtishaw, supra,* 29 Cal.3d 733 at pp. 762-763, fn. 24.) Its repeal assured that all attempted murders would be punished under the general attempt statute. (*Ibid.*) It follows logically that this aggravated assault need not be enumerated, because in each case it constitutes attempted murder, which *is* enumerated. In the eyes of the Legislature, this assault crime, since it always constitutes attempted murder, has been "replaced" by attempted murder. Thus, it is covered in the enumeration of "serious felonies."

II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.

---

*See footnote 1, *ante*.