**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Shaun KANE, Defendant—Appellant.**

**No. 04–10528.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Oct. 21, 2005.

Kevin P. Rooney, USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Joan Jacobs Levie, Esq., Law Office of Joan Jacobs Levie, Fresno, CA, for Defendant–Appellant.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,* Chief Judge, United States Court of International Trade.

MEMORANDUM **

Shaun Kane appeals his conviction for assault with intent to commit murder, in

States Court of International Trade, sitting by designation.

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violation of 18 U.S.C. § 113(a)(1), and assault with a dangerous weapon, in violation of 18 U.S.C. 113(a)(3), for assaulting another inmate, Williams Boles, in a recreation cage at Atwater Federal Penitentiary. We reverse Kane's conviction for assault with intent to commit murder, and reverse and remand his conviction for assault with a dangerous weapon.

## I.

A conviction under 18 U.S.C. § 113(a) requires specific intent to kill the victim. *United States v. Jones,* 681 F.2d 610, 611 (9th Cir.1982). Here, the government introduced no evidence that Kane had specific intent to kill Boles, other than the depiction of the assault on the surveillance video. However, the video demonstrates that the assailant stopped the assault after less than one minute and then left Boles alone for a period of seven minutes, despite the fact that Boles was moving and walking and still clearly alive. During the entire period, no guards or other prison authorities were present. Under these circumstances, there was insufficient evidence for a rational juror to find beyond a reasonable doubt that Kane had specific intent to commit murder as required by § 113(a)(1). Accordingly, we reverse Kane's conviction on that count.

## II.

As to the conviction for assault with a deadly weapon, we hold that the district court abused its discretion in admitting the lay opinion testimony of Special Investigative Agent Cole, who identified a figure in the prison surveillance video as Kane. Under Federal Rule of Evidence 701, a lay witness may identify a person depicted in a photograph if that witness "has had sufficient contact with the defendant to achieve a level of familiarity that renders the lay opinion helpful." *United States v. Beck,* 418 F.3d 1008, 1014, 1015 (9th Cir.2005) (holding that whether a lay opinion is help-

ful depends in part on "... whether the witness knew the defendant over time and in a variety of circumstances, such that the witness's lay identification testimony offered to the jury a perspective it could not acquire in its limited exposure to the defendant"). This court has found "sufficient contact" in cases where the witness had met the defendant four times in a two-month period for a total of more than seventy minutes, *see Beck,* 418 F.3d at 1015, or had known the defendant for more than four years and had seen him more than one hundred times, *see United States v. Henderson,* 241 F.3d 638, 650–51 (9th Cir.2000) (as amended).

Here, the record does not establish that Cole had sufficient contact with Kane to render his testimony "helpful" to the jury under Rule 701. Despite testifying that it "would be a minimum of at least two times" that he had spoken to Kane, Cole did not identify any specific occasion on which he actually saw Kane or talked to him. Thus, Cole provided no testimony as to the duration or circumstances of any direct encounter with Kane. Accordingly, the record regarding Cole's level of familiarity with Kane falls short of that required by *Beck* and by Rule 701's requirement of helpfulness. *United States v. LaPierre,* 998 F.2d 1460, 1465 (9th Cir. 1993).

We hold that the district court abused its discretion in admitting Cole's identification testimony. Because there was no other direct evidence that Kane was the assailant, we cannot say that the error was harmless. Kane's conviction for assault with a deadly weapon is reversed and remanded to the district court. *United States v. Vega,* 188 F.3d 1150, 1154–55 (9th Cir.1999).

The conviction for assault with intent to commit murder is REVERSED. The con-

viction for assault with a deadly weapon is REVERSED and REMANDED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.