**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30020 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00039-SEH-1 |
| v. | MEMORANDUM[*] |
| ROBIN ROY MARTELL, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 6, 2012
Portland, Oregon

Before: RIPPLE,[**] McKEOWN, and NGUYEN, Circuit Judges.

Defendant Robin Martell appeals the district court's denial, following a jury

trial, of his motion for acquittal on the charge of assault with intent to commit

murder, in violation of 18 U.S.C. §§ 113(a)(1) and 1153(a). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for
the Seventh Circuit, sitting by designation.

under 28 U.S.C. § 1291 and affirm the judgment of the district court.

Mr. Martell contends that the evidence was not sufficient for a rational fact-finder to conclude that he assaulted his girlfriend with specific intent to kill as required by United States v. Jones, 681 F.2d 610, 611 (9th Cir. 1981).  In reviewing the sufficiency of the evidence, we must first consider "the evidence presented at trial in the light most favorable to the prosecution," assuming that the jury resolved any factual conflicts in its favor.  United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).  We then determine whether the "evidence, so viewed, is adequate to allow 'any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'"  Id. (alteration in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

In this case, the jury heard evidence that Mr. Martell beat his girlfriend with a heavy metal pole that was approximately three feet long and two inches in diameter, leaving her with severe injuries including a deep, nine-centimeter laceration to her skull, a partially severed ear, knocked-out teeth, damages to the lining of her mouth and significant bruising on her head, torso and limbs.  The jury heard evidence that the beating may have continued over the course of several hours, and even Mr. Martell agreed that it lasted fifteen to twenty minutes.  The victim testified that she lost consciousness and that Mr. Martell had left the room

2

by the time she awoke. An officer responding to the scene testified that she "found blood in the bathroom, in the hallway, in the entryway, in the living room, and in the kitchen. . . . That's over half of the house."[1] One police officer and the emergency room doctor testified that it was the worst, or one of the worst, beatings they had ever seen. Officers testified that after Mr. Martell's arrest, he told them that the victim "should have came [sic] out of that house in a body bag" and that "next time" he would "do her in."[2] In addition to hearing witness testimony, the jury saw pictures of the crime scene and the victim's injuries.

The evidence in this case--including the weapon used, the severity of the injuries, the duration of the attack, Mr. Martell's apparent leaving the victim for dead and his statements that the victim should have died--was more than sufficient for a rational fact-finder to conclude that Mr. Martell assaulted the victim with the specific intent to kill her. Although another fact-finder may have viewed the facts differently and come to a different conclusion, we are required to presume on appeal that the jury resolved any factual conflicts in favor of the prosecution. Thus, Mr. Martell's arguments--that his statements to police evince only a conditional future intent to kill and that the jury should have given more weight to

---

[1] R.88 at 119.

[2] R.88 at 81-82, 108; ER Vol. 4.

his own testimony at trial when he said that he did not intend to kill the victim--are of no avail.

Accordingly, we conclude that the district court properly denied Mr. Martell's motion to acquit on the ground of insufficient evidence.

AFFIRMED.