[No. C037230. Third Dist. Feb. 11, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN MANUEL INIGUEZ, JR., Defendant and Appellant.

## COUNSEL

Susan K. Keiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, John G. McLean

and Mark A. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DAVIS, Acting P. J.**—Defendant Juan Manuel Iniguez, Jr., pleaded guilty to conduct described at the time of the plea and at sentencing as "conspiracy to commit attempted murder." The court imposed a term of nine years, which corresponds to the aggravated punishment for the object of the purported conspiracy, attempted murder.[1] Defendant appeals, contending that the court erred in selecting the aggravated term and in computing his custody credits.

The Attorney General has responded that the conviction must be reversed because defendant has been convicted of a nonexistent crime. We will reverse the conviction. This is because the targeted crime of the conspiracy, attempted murder, requires a specific intent to actually commit the murder, while the agreement underlying the conspiracy pleaded to contemplated no more than an ineffectual act. No one can simultaneously intend to do and not do the same act, here the actual commission of a murder. This inconsistency in required mental states makes the purported conspiracy to commit attempted murder a legal falsehood.

### PROCEDURAL BACKGROUND

The facts underlying the charged conduct are irrelevant to the issues on appeal. We will instead recount in some detail the procedural circumstances of the proceedings in the trial court.

Defendant's participation in a gang-related shooting resulted in the killing of Christopher Clark and an attack upon Clark's companion, Julio Flores. Defendant and codefendants Edwin Speer and Francisco Medina were charged by information in count I with the murder of Clark,[2] in count II with conspiracy to commit the murder of Flores, and in count III with conspiracy to commit assault on Clark and Flores.[3] Gang and firearm use enhancements were alleged as to counts I and II.[4]

On September 15, 2000, the parties informed the court that there was an agreement regarding disposition of the case. The court explained to defendant that its understanding of the agreement was that "you're going to be

---

[1] Penal Code sections 182, 664. Undesignated section references are to the Penal Code.
[2] Section 187.
[3] Section 245, subdivision (a)(1).
[4] Sections 186.22, subdivision (b)(1), 12022.53, subdivision (d).

entering a plea of guilty to [c]ount II, which is commonly known as conspiracy to commit attempted murder," and that the maximum sentence would be nine years. The charging language of count II alleging that the attempted murder was committed with premeditation and deliberation was to be stricken, and defendant was required to testify truthfully in any subsequent proceedings. In exchange for these conditions, all other counts and enhancements would be dismissed. Defendant confirmed that this was his understanding of the agreement.

The court then informed defendant of the constitutional rights he was relinquishing and the direct consequences of his plea. The court inexplicably read charging language from the information that described the conduct as conspiracy to commit murder, and then asked defendant how he was pleading and if he was admitting the overt acts. Defendant replied, "I plead guilty, your Honor, and I admit the acts."

At sentencing, the court declared that "[defendant pleaded] to conspiracy to commit attempted murder [and] [h]e [pleaded] to having an agreement to commit attempted murder." The court then imposed the aggravated term of nine years, which is a statutorily designated punishment for attempted murder. The statutory punishment for conspiracy tracks the punishment for the targeted offense.[5]

## DISCUSSION

The crime of conspiracy exists where, as relevant here, two or more persons "conspire: [¶] . . . to commit any crime."[6] ▓ Conspiracy is a specific intent crime requiring both an intent to agree or conspire and a further intent to commit the target crime or object of the conspiracy.[7] It is a dual mental state. As stated by Justice Jackson, concurring in *Krulewitch v. United States,* conspiracy, "chameleon-like, takes on a special coloration from each of the many independent offenses on which it may be overlaid."[8] To sustain a conviction for conspiracy to commit a particular offense, the prosecution must not only prove that the conspirators intended to agree, but also that they intended to commit the elements of the target offense.[9] Here, the target offense pleaded to was an attempt to commit murder.

[5]Section 182.
[6]Section 182, subdivision (a)(1).
[7]*People v. Cortez* (1998) 18 Cal.4th 1223, 1229 [77 Cal.Rptr.2d 733, 960 P.2d 537].
[8]*Krulewitch v. United States* (1949) 336 U.S. 440, 447 [69 S.Ct. 716, 720, 93 L.Ed. 790] (conc. opn. of Jackson, J.).
[9]*People v. Swain* (1996) 12 Cal.4th 593, 600 [49 Cal.Rptr.2d 390, 909 P.2d 994].

"Every person who attempts to commit any crime, but fails . . ." is guilty of a crime.[10] Such a criminal attempt consists of two elements: "a specific intent to commit the crime, and a direct but ineffectual act done toward its commission."[11] ■ Attempted murder, therefore, consists of the specific intent to commit the crime of murder[12] coupled with a direct but ineffectual act done toward its commission.[13]

■ The conduct defendant pleaded to, conspiracy to commit attempted murder, is a conclusive legal falsehood. This is because the crime of attempted murder requires a specific intent to actually commit the murder, while the agreement underlying the conspiracy pleaded to contemplated no more than an ineffectual act. No one can simultaneously intend to do and not do the same act, here the actual commission of a murder. Defendant has pleaded to a nonexistent offense.[14] His commitment to state prison for such conduct must accordingly be reversed.

Defendant tries to convince us to the contrary. He observes that the law recognizes conspiracy to commit assault[15] and that assault is nothing more than "attempted battery." Defendant's analogy is inapt. The term "attempt" used in that frequently repeated description of assault is simply not the same attempt as that codified in section 664. The mental state for criminal attempt is a specific intent to commit the crime.[16] ■ Assault, as codified in section 240, is a general intent crime that does not require a specific intent to cause injury or a subjective awareness of the risk that an injury might occur; rather, assault only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another.[17]

■ Citing *People v. Peppars*,[18] defendant claims that "one appellate court implicitly recognized the existence of conspiracy to commit attempted burglary." Defendant misreads the case.

[10]Section 664.

[11]Section 21a.

[12]Section 187.

[13]See *People v. Koontz* (1984) 162 Cal.App.3d 491, 495 [208 Cal.Rptr. 519]; CALJIC No. 8.66.

[14]4 Torcia, Wharton's Criminal Law (15th ed. 1996) section 682, page 546; Annotation, Impossibility of Consummation of Substitute Crime as Defense in Criminal Prosecution for Conspiracy or Attempt to Commit Crime (1971) 37 A.L.R.3d 375, 386, section 4.

[15]*People v. Gionis* (1995) 9 Cal.4th 1196, 1202 [40 Cal.Rptr.2d 456, 892 P.2d 1199].

[16]*People v. Williams* (2001) 26 Cal.4th 779, 786 [111 Cal.Rptr.2d 114, 29 P.3d 197] (*Williams*).

[17]*Williams, supra,* 26 Cal.4th at page 790.

[18]*People v. Peppars* (1983) 140 Cal.App.3d 677 [189 Cal.Rptr. 879] (*Peppars*).

In *Peppars*, the defendant was convicted of conspiracy to commit second degree burglary.[19] On appeal he argued "that the superior court erred in denying his motion to set aside the information on the ground that the evidence was insufficient to hold him to answer to conspiracy to commit *burglary*."[20] He argued that because the police had given their consent to the entry of the building burglarized, burglary was a factual impossibility.[21] Thus, defendant concluded, "the only chargeable crime was conspiracy to commit *attempted burglary*."[22]

The appellate court rejected Peppars' challenge, concluding that the motion was properly denied because "factual impossibility is *not* a defense to conspiracy."[23] Nothing in the analysis of *Peppars* suggested that the Court of Appeal accepted the concept of conspiracy to commit attempted burglary; the court simply did not address that issue. The court was addressing the implication of a factual impossibility rather than, as here, a legal falsehood.

Citing *Harbin v. Arkansas*,[24] defendant claims "other jurisdictions have recognized the crime of conspiracy to commit attempted murder." While the opinion does recite that Harbin was convicted of "conspiracy to commit attempted murder in the first degree," the case (1) is "not designated for publication"; (2) is the denial of Harbin's appeal from the trial court's denial of his pro se "motion for default judgment" by the Arkansas Supreme Court; and (3) fails to state any facts or cite the relevant statutes under which Harbin was convicted. Consequently, *Harbin* is of no aid to defendant.

Defendant hypothesizes two examples he believes show the existence of conspiracy to commit attempted murder. However, they do not aid his cause since each example posits the existence of the crime of conspiracy to commit attempted murder, which is the very issue to be decided.

Defendant contends the negotiated plea is enforceable and binding because (1) the People failed to appeal; (2) the invited error doctrine precludes the People from raising this issue on appeal; and (3) equitable estoppel prevents nullification of the plea bargain. We are not persuaded.

■ It is immaterial that the People failed to appeal because "once [a defendant] lays his cause at an appellate doorstep he subjects himself to thorough scrutiny of the proceedings below. 'It is well established that when

[19]*Peppars, supra,* 140 Cal.App.3d at page 679.
[20]*Peppars, supra,* 140 Cal.App.3d at page 687.
[21]*Peppars, supra,* 140 Cal.App.3d at page 687.
[22]*Peppars, supra,* 140 Cal.App.3d at page 687.
[23]*Peppars, supra,* 140 Cal.App.3d at page 688.
[24]*Harbin v. Arkansas* (Ark., Oct. 3, 1994, No. CR 94-735) 1994 Ark. Lexis 508.

the trial court pronounces a sentence which is unauthorized by the Penal Code that sentence must be vacated and a proper sentence imposed . . . . When the mistake is discovered while the defendant's appeal is pending, the appellate court should remand the case for a proper sentence.' "[25] The sentence herein, having been imposed for a nonexistent offense, necessarily is unauthorized and cannot stand.

Defendant's case authority in support of his arguments relating to invited error and equitable estoppel involves circumstances relating to convictions of existing, rather than nonexistent, crimes. Consequently, the cases simply are not on point. ■ "[I]t is the Legislature's function to define offenses and to prescribe punishments," not that of the parties and trial judge.[26]

## DISPOSITION

The judgment is reversed and the plea is set aside. The matter is remanded to the superior court for further proceedings.

Raye, J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 1, 2002. Chin, J., was of the opinion that the petition should be granted.

---

[25]*People v. Hickey* (1980) 109 Cal.App.3d 426, 435 [167 Cal.Rptr. 256].
[26]*People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 355 [45 Cal.Rptr.2d 107].