12 Cal.Rptr.3d 258 (2004)
117 Cal.App.4th Supp. 1
The PEOPLE, Plaintiff and Respondent,
v.
Richard A. DIBACCO, Defendant and Appellant.
No. CR.A. 3989.
Appellate Division, Superior Court, San Bernardino County.
March 9, 2004.
*259 Bruce A. Arneson, Esq., Victorville, for Defendant and Appellant.
No appearance for Plaintiff and Respondent.

PER CURIAM OPINION
THE COURT:
This appeal is taken from convictions for exceeding 100 miles per hour and reckless driving. Appellant contends the court erred in reducing the reckless driving charge from a misdemeanor to an infraction. He also contends the conviction for speeding is improper because that charge was a lesser included offense to reckless driving. Finally, he asserts that being sentenced for both infractions amounts to dual punishment in violation of Penal Code section 654. We reverse the reckless driving conviction, finding the court had no jurisdiction to reduce the charge to an infraction, affirm the speeding conviction, and remand for further proceedings.

FACTS[1]
On May 10, 2003, appellant, Richard A. Dibacco, was cited for reckless driving, a misdemeanor (count 1; Veh.Code 23103) and for driving in excess of 100 miles per hour, an infraction (count 2; Veh.Code 22348, subd. (b)). Appellant appeared for arraignment without counsel. The court advised him it was reducing the reckless driving charge to an infraction.
A court trial commenced on August 19, 2003. San Bernardino County Sheriffs Deputy M. Ramirez testified that on May 10, 2003, at approximately 8:54 a.m., he was driving an unmarked police car northbound on Interstate 15, traveling 70 to 75 miles per hour. In his rearview mirror, the officer saw appellants vehicle rapidly approaching in the No. 1 lane. Even when Officer Ramirez accelerated to 90 miles per hour, appellant continued to gain on him.
Appellant zigzagged from the No. 1 to the No. 2 lane, back to the No. 1, and even onto the shoulder. He passed other vehicles, forcing some to change lanes. After appellant passed Officer Ramirez, the officer accelerated to 105 miles per hour, but appellant was still pulling away. At Bear Valley Road, appellant cut off more vehicles.
Officer Ramirez radioed ahead and asked Officer Momjian, who was on motorcycle patrol, to make a traffic stop. Officer Momjian saw appellants vehicle driving by at a speed he estimated to be 90 miles per hour. He followed appellant and pulled him over. Appellant apologized and said he was in a hurry.
Testifying in his own behalf, appellant said he had been en route to a mining claim club meeting, traveling in a group of 18-wheelers and motor homes. He moved into the fast lane and observed a car on his bumper, accelerating. He had no idea the car was being driven by Officer Ramirez, and thought the driver might be experiencing road rage. To avoid becoming a victim, appellant tried to evade the vehicle by changing lanes. He said he did not drive any faster than 80 miles per hour.
The court found appellant guilty on both counts and imposed a $750 fine. This appeal followed.

*260 DISCUSSION

Reckless driving
Appellant contends the court improperly reduced the reckless driving charge from a misdemeanor to an infraction. He is correct, although not for the reason he asserts. He contends the court acted improperly because it failed to obtain his consent to the reduction. In fact, as we discuss below, the court exceeded its jurisdiction in reducing the charge.
With the consent of a defendant, a court may reduce certain specified misdemeanors to infractions. (Pen.Code § 17, subd. (d)(2).) The reducible misdemeanors are listed in Penal Code section 19.8, but reckless driving (Veh.Code § 23103) is not among them. Moreover, Vehicle Code section 40000.15 explicitly provides that reckless driving is "a misdemeanor, and not an infraction." Since there is no legislative authority for reducing a reckless driving charge to an infraction, the court exceeded its jurisdiction in doing so. (Cf. People v. Beebe (1989) 216 Cal.App.3d 927, 932, 265 Cal.Rptr. 242 [court exceeded jurisdiction in reducing "`straight felony'" to misdemeanor].)
It is the function of the Legislature, not the trial judge, to define offenses and prescribe punishments. (People v. Iniguez (2002) 96 Cal.App.4th 75, 81, 116 Cal.Rptr.2d 634, citing People v. Superior Court (Perez) (1995) 38 Cal.App.4th 347, 355, 45 Cal.Rptr.2d 107.) Since "reckless driving as an infraction" is a nonexistent crime, the court lacked authority to convict or sentence appellant for it. Accordingly, the reckless driving conviction must be reversed and the case remanded for a new trial on this charge.

Exceeding 100 miles per hour
Next, appellant contends that exceeding 100 miles per hour is a lesser and necessarily included offense of reckless driving and he cannot stand convicted of both. Even though we have reversed the reckless driving conviction and appellant therefore currently does not stand convicted of both charges, we discuss this issue to assist the court on remand, should appellant assert a double jeopardy claim based upon the theory that he has already been convicted of a lesser included offense. (See, e.g., People v. Lohbauer (1981) 29 Cal.3d 364, 372, 173 Cal.Rptr. 453, 627 P.2d 183.)
"[A]n offense is necessarily included in the charged offense if under the statutory definition of the charged offense it cannot be committed without committing the lesser offense, ... [Citation.]" (People v. Geiger (1984) 35 Cal.3d 510, 517, fn. 4, 199 Cal.Rptr. 45, 674 P.2d 1303; see also People v. Steele (2000) 83 Cal.App.4th 212, 217, 99 Cal.Rptr.2d 458.) Reckless driving is statutorily defined as driving any vehicle in a "willful or wanton disregard for the safety of persons or property...." (Veh.Code § 23103.) Since one can drive recklessly at speeds below 100 miles per hour, the speeding charge is not necessarily included in the reckless driving charge.
Appellant next contends he should not have been separately punished for speeding because exceeding 100 miles per hour and driving recklessly should be considered one act. (Pen.Code § 654.)[2] Since the only conviction is now the speeding conviction, this challenge to the sentence is moot. Nevertheless, the trial court must reconsider the sentence on remand. Under *261 Vehicle Code section 22348, a first violation carries a maximum fine of $500, but appellant was fined $750 for the two counts. The trial court must reevaluate the sentence and decide what fine to impose for the speeding conviction alone.

DISPOSITION
The conviction for count 1 (reckless driving) is reversed and the conviction for count 2 (speeding) is affirmed. The case is remanded for retrial on count 1 and resentencing on count 2.
NOTES
[1] The facts are taken from the court's settled statement on appeal.
[2] Penal Code section 654, subdivision (a) provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."