# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATTHEW P. WILHOITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1303-CR-138 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1108-FB-123

**April 23, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Matthew P. Wilhoite appeals his conviction of Class B felony "Conspiracy to Commit Attempted Armed Robbery."[1] (App. at 163.) He asserts his conviction should be overturned because he was convicted of a crime that does not exist and because his right to an impartial jury was violated. Because he has not demonstrated fundamental error, we affirm.

## FACTS AND PROCEDURAL HISTORY

In July of 2011, Wilhoite, Joshua Johnson, and Jacqueline Jones agreed to rob Donald Willis. They developed a plan that involved arranging a drug deal with Willis and then, during the transaction, robbing him. Wilhoite helped plan the crime and then, in accordance with the plan, he snuck out the window of Jones' apartment with a backpack of clothing for Johnson and was to meet Johnson to aid in his co-conspirators' escape. The armed robbery proved unsuccessful, and police apprehended Wilhoite and Johnson a short time later.

The State charged Wilhoite with Class B felony conspiracy, and a jury found Wilhoite guilty as charged. The court imposed a fourteen-year sentence.

## DISCUSSION AND DECISION

1. The Charging Information

The State's charging information alleged Wilhoite committed "Conspiracy to Commit Attempted Armed Robbery, a Class B felony," (*id*. at 15) (capitalization removed), and the sentencing order purports to sentence Wilhoite for that same offense. (*Id.* at 163.) Wilhoite asserts there is no such crime.

The State notes Wilhoite did not, at any point in the underlying proceedings, raise his

---

[1] Ind. Code §§ 35-42-5-1 (robbery), 35-41-5-2 (conspiracy).

concerns about the name of the crime with which he was charged. "[F]ailure to challenge a defective charging information by way of a motion to dismiss before the trial court waives any such challenge on appeal." *Neff v. State*, 915 N.E.2d 1026, 1031 (Ind. Ct. App. 2009), *reh'g granted on other issue*, *trans. denied*. Because the error Wilhoite now alleges was apparent on the face of the charging information, he waived the error because he did not object. *See id.*

Nevertheless, it is a due process violation for the State to convict people of crimes that do not exist. *See Funk v. State*, 714 N.E.2d 746, 749 (Ind. Ct. App. 1999) (discussing decisions vacating as fundamental error convictions based on non-existent crimes), *trans. denied*. Therefore, we will address the merits of Wilhoite's argument to determine whether there was fundamental error. *See Dickenson v. State*, 835 N.E.2d 542, 549 (Ind. Ct. App. 2005), *trans. denied*. Fundamental errors are those "so prejudicial to the rights of [a defendant] that he could not have received a fair trial." *Id.*

Wilhoite contends his conviction is invalid because a person may not be convicted of "conspiring to attempt" any crime. In support thereof, he cites Indiana Code § 35-41-5-3(a), which states: "a person may not be convicted of both a conspiracy and an attempt with respect to the same underlying crime." However, as we have explained:

> The term "convicted" can best be equated with "judgment," a term which embodies the sentencing of a defendant. Therefore, the only action prohibited by I.C. 35-41-5-3(a) is the sentencing on verdicts of guilty on both attempt and conspiracy with respect to the same underlying crime.

*State v. Hancock*, 530 N.E.2d 106, 108 (Ind. Ct. App. 1988) (internal citation omitted), *reh'g*

3

*denied*, *trans. denied*. Because Wilhoite was convicted of a single crime, Ind. Code § 35-41-5-3(a) does not control.

Nevertheless, we agree with Wilhoite that citizens should not be charged with conspiring to attempt a crime. First, colloquially speaking, to "attempt" a crime is to "try," dictionary.com, http://dictionary.reference.com/browse/attempt?s=ts (last visited March 25, 2014), without actually completing the crime. *See also* Ind. Code § 35-41-5-1 ("A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime."). A conspiracy arises not when people agree *to fail to commit* a crime; rather, they must have the intent to commit the crime. *See* Ind. Code § 35-41-5-2(a) ("A person conspires to commit a felony when, *with intent to commit* the felony, he agrees with another person to commit the felony.") (emphasis added). *And see People v. Iniguez,* 116 Cal. Rptr. 2d 634, 636-37 (Cal. Ct. App. 2002):

> The conduct defendant pleaded to, conspiracy to commit attempted murder, is a conclusive legal falsehood. This is because the crime of attempted murder requires a specific intent to actually commit the murder, while the agreement underlying the conspiracy pleaded to contemplated no more than an ineffectual act. No one can simultaneously intend to do and not do the same act, here the actual commission of a murder. Defendant has pleaded to a nonexistent offense. His commitment to state prison for such conduct must accordingly be reversed.

(footnote omitted). Thus, we agree that the State referenced a non-existent crime when it listed "Conspiracy to Commit Attempted Robbery" on the charging information as the crime

4

committed.[2]  (App. at 15) (capitalization removed).

Nevertheless, Wilhoite has not demonstrated fundamental error.  The purpose of a charging information is to provide a defendant with notice of the crime so that he can prepare a defense.  *Gilliland v. State*, 979 N.E.2d 1049, 1060 (Ind. Ct. App. 2012).  "An information that enables an accused, the court, and the jury to determine the crime for which conviction is sought satisfies due process.  Errors in the information are fatal only if they mislead the defendant or fail to give him notice of the charge filed against him."  *Id.* At 1061 (Ind. Ct. App. 2012) (quoting *Dickenson*, 835 N.E.2d at 550).

Though the information listed his crime as "conspiracy to commit attempted armed robbery," (App. at 15) (capitalization removed), the record reflects Wilhoite was in fact convicted of conspiring to commit armed robbery.  The explanatory paragraph in the information stated "Wilhoite did knowingly agree with Joshua Lee Johnson and Jacqueline Jones to commit the felony of armed robbery and in furtherance of said agreement the following over[t] acts were performed . . . ."  (*Id.*)  Eight overt acts were listed thereafter.

In addition, the jury was instructed on the elements of conspiracy:

The crime of conspiracy is defined by statute as follows:

A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony.  The State must allege and

---

[2] In addition, combining conspiracy with attempt could cause defendants or their counsel to be confused about the proof required to prove commission of the crime:

> A conspiracy is complete upon the agreement and the performance of an overt act in furtherance of the agreement.  The overt act need not rise to the level of a substantial step required for an attempt to commit the felony.  A defendant may therefore be convicted of a conspiracy to commit a felony without committing the felony and without even an attempt to commit it.

*Owens v. State*, 929 N.E.2d 754, 756-57 (Ind. 2010), *reh'g denied*.

prove that either the person or the persons with whom he agreed performed an overt act in furtherance of the agreement.

Before you may convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:
1. The Defendant
2. agreed with another person, Jacqueline Jones and Joshua Johnson, to commit the crime of Robbery
3. with the intent to commit the crime, and
4. Jacqueline Jones and Joshua Johnson performed an overt act or acts in furtherance of the agreement.
   a. Jacqueline Jones called Donald Willis and told him that she had twenty "tabs 10" to sell. She told Donald Willis that he should come over around 6:00 p.m.
   b. When Donald Willis arrived, Jacqueline Jones opened the door.
   c. Joshua Johnson pointed a black handgun and told Donald to put his money on the ground.
   d. Joshua Johnson ripped off Donald's shirt as he went out the front door.
   e. Jacqueline Jones grabbed Donald's shirt, hid it in a basket at her house, locked the door from the inside and went out the living room window.

If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of the crime of Conspiracy, a Class B felony.

(*Id.* at 117-18, 136-37.) Despite the erroneous title given to his crime, the information indicated elements for conspiracy to commit armed robbery and the jury instructions informed the jurors of the elements they needed to find Wilhoite guilty of conspiracy to commit armed robbery, including "the intent to commit the crime." (*Id.*) Thus, the fact that the erroneous name of the crime listed at the top of the charging information did not amount to fundamental error. *See Funk* 714 N.E.2d at 749 (holding no fundamental error where the "label applied to the charges may have been facially incorrect, but the substance of the . . . charges was proper").

6

## 2. The Jury

Wilhoite also asserts he was denied his constitutional right to a jury of his peers because he is "non-white [and] was convicted by what he believes was an all-white jury . . . ."[3] (Br. of Appellant at 6.) We are unable to consider Wilhoite's assertion because he has not provided us with an adequate record to permit a meaningful review. *See Menifee v. State*, 600 N.E.2d 967, 969 (Ind. Ct. App. 1992), *clarified on other grounds on rehearing*, 605 N.E.2d 1207 (Ind. Ct. App. 1993) (it is the party's "burden to provide the court with a record adequate to permit consideration of the error assigned"). In support of his contention, Wilhoite has provided an unfiled, unverified form he allegedly submitted to the Howard County Public Defender Office in preparation of his appeal and affidavits from both trial attorneys indicating they could not remember the racial make-up of the jury at Wilhoite's trial. We are unable to consider these items because they were not part of the record of proceedings before the trial. *See id.* ("On appeal, we can consider only those matters which are contained in the record of proceedings submitted to the court."). Although we acknowledge the difficulty Wilhoite presumably would have in assembling a record that would permit us to review this issue, we decline to infer fundamental error from a silent record.[4] *See Brockway v. State*, 502 N.E.2d 105, 108 (Ind. 1987) (declining to infer

---

[3] Wilhoite's Brief also asserts his jury was "drawn from an all-white jury pool." (Br. of Appellant at 6.) However, the only citation provided in support of this allegation was to the page in the Appendix where Wilhoite indicated he was tried by "an all white jury box." (Appellant's App. at 165). As Wilhoite's allegation about the jury box does not support any factual allegation about the content of the jury pool, we remind counsel to accurately cite the factual record.

[4] Wilhoite also urges us to overturn a court policy by which all information collected from prospective jurors is shredded. Wilhoite does not provide documentation of this policy, and the relief he requests –requiring the trial court to change its alleged policy of shredding documents related to jury selection and requiring the trial

7

fundamental error where "the record is silent as to facts").

## CONCLUSION

As the State's charging information gave Wilhoite notice of the allegations against him, he has not demonstrated fundamental error. Wilhoite has not provided us with a sufficient record to permit review of his claim that he was denied the right to be tried by a jury of his peers. Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

court to include a question about race on the jury questionnaire – appears to be a form of relief that we are not able to provide.

8