Filed 2/3/22  P. v. Gaitan CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY ADRIAN GAITAN,<br><br>Defendant and Appellant. | F082666<br><br>(Super. Ct. No. PCF358405)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Franson, Acting P. J., Peña, J. and De Santos, J.

Anthony Adrian Gaitan (defendant) appeals from a judgment of conviction entered upon a negotiated plea. The terms of his plea agreement called for the trial court to "stay" a prior serious felony conviction enhancement. Although a stay of the enhancement is reflected in the sentencing minutes and in the abstract of judgment, the enhancement was not actually imposed or even mentioned during the oral pronouncement of judgment.

Defendant requests a correction of the abstract and minutes to show what occurred at sentencing. He did not obtain a certificate of probable cause for this appeal, but one is not required for such clerical errors. However, defendant further claims the trial court lacked authority to stay the enhancement and argues "[r]emand is required with directions to strike the serious felony enhancement." Although defendant is correct that staying the enhancement was not a valid option, his argument ultimately concerns the validity of the plea bargain and is not cognizable without a certificate of probable cause.

If the People were open to a simple correction of the abstract and minutes, the matter would end there. However, in response to both of defendant's claims, the People argue the trial court's failure to either impose or strike the enhancement resulted in an unauthorized sentence. They seek to have the matter remanded with "[instructions] to the trial court to impose and stay execution of the enhancement in accordance with the plea agreement." This effectively forces us to address defendant's noncertificate issue.

We cannot order the trial court to impose an unauthorized sentence, i.e., to stay the prior serious felony conviction enhancement. Nor can we alter the terms of the parties' plea agreement without their consent by striking the enhancement ourselves or ordering the trial court to strike it. The parties are unwilling to consent to a modification of the judgment. Both sides have identified errors in the judgment and both sides want to have the matter remanded, albeit for misguided reasons. Therefore, despite the evident waste of judicial resources, we reverse the judgment and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was identified through DNA evidence as the perpetrator of a residential burglary during which a female victim was sexually assaulted and robbed. As of January 2020, following a preliminary hearing and amendments to the charging information, defendant was facing eight felony counts: kidnapping to commit rape (Pen.[1] Code, § 209, subd. (b)(1); count 1); kidnapping to commit robbery (count 2); first degree burglary (§§ 459, 460; count 3); assault with intent to commit rape and other sex crimes (§ 220, subd. (a)(1); count 4); second degree robbery (§§ 211, 212.5; count 5); attempted rape by means of force or fear (§§ 261, subd. (a)(2), 664; count 6); assault with force likely to produce great bodily injury (§ 245, subd. (a)(4); count 7); and aggravated false imprisonment (§§ 236, 237, subd. (a); count 8). Defendant was also charged with misdemeanor sexual battery (§ 243.4, subd. (e)(1); count 9), and he was alleged to have suffered a prior strike and a prior serious felony conviction (§§ 667, subds. (a)(1), (b)–(i), 1170.12).

During a pretrial conference, the parties reached a plea agreement. The basic terms called for convictions on three counts, true findings on the recidivism allegations, a stipulated prison sentence of 22 years, and dismissal of the remaining charges. As to count 1, defendant pleaded no contest to an amended charge of sexual assault in violation of section 220, subdivision (a). As to counts 3 and 5, defendant pleaded guilty as charged.

Defendant admitted the truth of the prior strike and prior serious felony conviction allegations. Regarding the latter allegation, the prosecutor noted on the record, "[W]e are staying the [nickel] and not asking for the Court to impose that [nickel]. So his max [for] what he's pleading to would be 27 years." The trial court then told defendant, "[Y]ou're only getting 22 [years] because I'm going to suspend the five-year prior for the 667(a)."

---

[1]Undesignated statutory references are to the Penal Code.

3.

A handwritten notation on the corresponding minute order reads, "Court to stay PC 667(a)(1)."

On March 10, 2021, defendant was sentenced to an aggregate prison term of 22 years. The sentence was calculated using the upper term of six years for count 1, doubled to 12 years because of the prior strike; a consecutive term of eight years for count 3 (the middle term, doubled because of the prior strike); and a consecutive term of two years for count 5 (one-third of the middle term, doubled because of the prior strike).[2] At the People's request, the "remaining counts" were dismissed.

The prior serious felony conviction enhancement was not mentioned on the record during sentencing. However, the corresponding minute order says, "PC667(a)(1)'s-5 yrs stayed." The abstract of judgment indicates a stay of punishment for "667(a)(1) x 5." The abstract also erroneously denotes imposition of the upper term for count 3 and the lower term for count 5. (See fn. 2, *ante*.)

In April 2021, defendant filed a timely notice of appeal but did not request a certificate of probable cause.

## DISCUSSION

"The trial court is generally required to include all aspects of a judgment in its oral pronouncement of judgment." (*People v. Leon* (2020) 8 Cal.5th 831, 855.) "Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error. [Citation.]

---

[2]Fully consecutive sentencing on counts 1 and 3 was imposed pursuant to section 667.6, subdivision (c). The punishment for count 3 was erroneously described as "double the aggravated term" in the oral pronouncement of judgment and as "the upper term of FOUR (4) years doubled" in the corresponding minute order. The upper term for first degree burglary is six years; the middle term is four years. (§ 461, subd. (a).) Punishment for count 5 was erroneously described in the minute order as "the lower term of ONE (1) YEAR doubled …." Second degree robbery is punishable by a prison term of two, three, or five years. (§ 213, subd. (a)(2).) As stated in the reporter's transcript, the punishment for count 5 was "one third the middle term doubled," i.e., "two years."

4.

The abstract of judgment 'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'" (*Ibid.*, quoting *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The record of the oral pronouncement likewise controls over the clerk's minutes. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

"Courts may correct clerical errors at any time, and appellate courts … have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.) An appellate court may also correct the clerk's minutes to accurately reflect what happened at sentencing. (See *People v. Zackery*, *supra*, 147 Cal.App.4th at pp. 386–388.) Pursuant to these authorities, defendant is entitled to have the minutes and the abstract corrected to delete all refences to the purported stay of punishment for the section 667 enhancement. (Cf. *People v. El* (2021) 65 Cal.App.5th 963, 967 ["If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment"].)

Defendant argues "the enhancement should have been stricken; staying it was unauthorized." He further contends "[r]emand is required with directions to strike the serious felony enhancement." In other words, defendant is asking for more than a simple correction of the clerk's minutes and the abstract.

A defendant seeking to appeal from a plea of guilty or no contest is generally required to obtain a certificate of probable cause. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1088.) "[A] defendant may obtain review solely of so-called 'noncertificate' issues, that is, postplea questions not challenging his plea's validity … if he has complied with [the California Rules of Court]—which require[] him to file in the superior court a notice of appeal stating noncertificate grounds within 60 days after rendition of judgment." (*Mendez*, at p. 1088.) "'[T]he critical inquiry is whether a

5.

challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.'" (*People v. Buttram* (2003) 30 Cal.4th 773, 782.)

Although the sentencing minutes and abstract of judgment are inconsistent with the oral pronouncement of judgment, they accurately reflect the terms of the plea agreement. While parts of defendant's briefing purport to seek a correction of the minutes and abstract, he is essentially challenging the validity of his plea. Such challenges require a certificate of probable cause. (*People v. Buttram*, *supra*, 30 Cal.4th at pp. 781–782; cf. *People v. Preciado* (1978) 78 Cal.App.3d 144, 147–149 [no certificate required where appeal was based on trial court's failure to effectuate an invalid plea bargain].) Defendant's challenge is also barred by "the long-standing rule that 'defendants are estopped from complaining of sentences to which they agreed.'" (*Buttram*, at p. 783, quoting *People v. Hester* (2000) 22 Cal.4th 290, 295.) This principle of estoppel is distinct from the rules of waiver and forfeiture. (See *People v. Flood* (2003) 108 Cal.App.4th 504, 508.)

A mere discrepancy in the minutes and abstract is a noncertificate issue. By raising this issue, defendant has opened the door to the People's argument that "the trial court's failure to dispose of the prior serious felony enhancement in accordance with the plea agreement was legally unauthorized, and the case should be remanded so that the court may impose and stay the sentence on the five-year prior." In his reply brief, defendant alleges the People forfeited their argument by failing to object at the time of sentencing. We must disagree. "[F]ashioning a sentence in a manner which is unauthorized by law exceeds the jurisdiction of the court and may be the subject of later review even though no objection was made in the trial court." (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1311; accord, *People v. Scott* (1994) 9 Cal.4th 331, 354.) "It is immaterial that the People failed to appeal because 'once [a defendant] lays his

6.

cause at an appellate doorstep he subjects himself to thorough scrutiny of the proceedings below.'" (*People v. Iniguez* (2002) 96 Cal.App.4th 75, 80.)

As stated in *People v. Bradley* (1998) 64 Cal.App.4th 386, upon which the People rely, "The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal." (*Id*. at p. 391.)  The People also characterize the trial court's failure to impose and stay the section 667 enhancement as "a direct violation of the plea agreement."  They are correct.  "When the plea is accepted by the prosecuting attorney in open court and is approved by the court, … the court may not proceed as to the plea other than as specified in the plea." (§ 1192.5, subd. (b).)

The trial court's "failure either to state that it was striking the enhancement or to impose it was 'analogous to a failure to pronounce sentence on all counts, which is the type of unauthorized sentence that can be corrected by remand on the defendant's appeal.'" (*People v. Irvin* (1991) 230 Cal.App.3d 180, 192.)  However, the People are not entitled to an order directing the trial court to impose and stay the prior serious felony conviction enhancement.  "Even if a defendant, the prosecutor and the court agree on a sentence, the court cannot give effect to it if it is not authorized by law." (*People v. Jackson* (1981) 121 Cal.App.3d 862, 869; accord, *In re Williams* (2000) 83 Cal.App.4th 936, 944 ["A plea bargain that purports to authorize the court to exercise a power it does not have is unlawful and may not be enforced"].)

Prior to January 1, 2019, trial courts were required to impose a properly pleaded and proven enhancement under section 667, subdivision (a)(1). (*People v. Jordan* (2006) 141 Cal.App.4th 309, 319.)  By enactment of Senate Bill No. 1393 (2017–2018 Reg. Sess.), the law was changed to provide trial courts with discretion to dismiss such enhancements, or to strike the punishment therefor, "in the furtherance of justice." (§ 1385, subd. (b).)  A more recent amendment requires trial courts to dismiss an enhancement "if it is in the furtherance of justice to do so, except if dismissal of that

7.

enhancement is prohibited by any initiative statute." (*Id*., subd. (c)(1).) But even the current version of section 1385 does not authorize the *stay* of a sentencing enhancement.

"[S]triking an enhancement and staying an enhancement are not the same thing." (*People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1122–1123.) "A stay is a temporary suspension of a procedure in a case until the happening of a defined contingency." (*People v. Santana* (1986) 182 Cal.App.3d 185, 190.) "In contrast, a striking is an unconditional deletion of the legal efficacy of the stricken allegation or fact for purposes of a specific proceeding. [Citation.] It is tantamount to a dismissal. In particular, the striking of an enhancement implies that the enhancement is legally insupportable, and must be dismissed in furtherance of justice." (*Ibid*., fn. omitted.)

"Unless a statute says otherwise, an enhancement may be imposed or stricken …. [Citation.] Imposition of sentence on an enhancement may not be stayed; to do so is an illegal sentence." (*People v. Harvey* (1991) 233 Cal.App.3d 1206, 1231; accord, *People v. Lopez* (2004) 119 Cal.App.4th 355, 364.) "[T]he only authority for staying an enhancement is California Rules of Court, rule 4.447, which applies when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition. In that situation—and that situation only—the trial court can and should stay the enhancement.'" (*People v. Bay* (2019) 40 Cal.App.5th 126, 139.)

In short, the remedy sought by the People is unavailable. (See *People v. Brown* (2007) 147 Cal.App.4th 1213, 1224 ["specific performance is not an available remedy when the negotiated sentence is invalid or unauthorized"].) Given the People's position on appeal, we cannot order the subject enhancement stricken because a court "'may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*People v. Stamps* (2020) 9 Cal.5th 685, 704, quoting § 1192.5, subd. (b).) At this juncture, the only option is to "'"restore the parties to the status quo ante."'" (*Stamps*, at p. 707; *People v. Barton* (2020) 52 Cal.App.5th 1145, 1159.) On remand, the

parties may enter into a new plea agreement (e.g., one calling for the enhancement to be stricken) or they may proceed to trial on reinstated charges.  (See *Barton*, at p. 1159.)

## DISPOSITION

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

9.